UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE PERKINS,<br><br>    Petitioner,<br><br>    v.<br><br>JOEL MARTINEZ, Warden,[1]<br><br>    Respondent. | No. 2:15-cv-0559 KJM KJN (HC) (TEMP)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered against him on November 20, 2013, in the Sacramento County Superior Court on charges of carjacking, second degree robbery and possession of a firearm by a felon.  He seeks federal habeas relief on the grounds that the trial court abused its discretion when it denied his motion to dismiss his prior "strike" conviction at the sentencing proceedings in the interests of justice. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

---

[1] Previously named as respondent was "Director of CDCR."  The court now substitutes in the correct respondent, the Warden of Sierra Conservation Center, where petitioner is presently incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). See also Smith v. Idaho, 392 F.3d 350, 355-56 (9th Cir. 2004).

**I. Background**

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> A jury convicted defendant Dante Perkins of carjacking, second degree robbery and possession of a firearm by a felon. The trial court found true an allegation that defendant had a prior strike conviction, denied defendant's request to dismiss the prior strike (Pen. Code, § 1385; People v. Superior Court (Romero ) (1996) 13 Cal.4th 497), and sentenced defendant to 35 years eight months in state prison.
>
> Defendant now contends the trial court abused its discretion in denying his request to dismiss the prior strike. Concluding there was no abuse of discretion, we will affirm the judgment.
>
> **BACKGROUND**
>
> Parris Pruitt pulled his car into the parking lot of Greenhaven Liquor store. His girlfriend and their son remained in the car while Pruitt entered the store to buy cigarettes. Pruitt left the keys in the ignition.
>
> As Pruitt walked back to the car, defendant pointed a handgun at Pruitt's chest. Defendant said: "Don't get in the car. I'll gas you if you open the door." Pruitt understood the word "gas" to mean "shoot." Defendant took the cell phone from Pruitt's hand and got into the car. Pruitt ran back into the liquor store to call 9–1–1. Defendant pointed the gun at Pruitt's girlfriend and told her to get out of the car or he would shoot up the car. The girlfriend and child left. Defendant subsequently sold Pruitt's car.
>
> In denying defendant's request to dismiss the prior strike, the trial court considered, among other things, defendant's prior criminal history and noted that his prior strike conviction (a 2008 robbery) was a violent felony and was relatively recent.
>
> Defendant was born in 1991; he was 21 years old at the time of the instant offenses. His prior record included sustained juvenile delinquency petitions for a misdemeanor vehicle theft in 2006, two felony vehicle thefts in 2008, and the 2008 robbery. He also had adult convictions for misdemeanor possession of methamphetamine in 2009, resisting arrest in 2010, and accessory to burglary in 2011.
>
> In the 2008 robbery, defendant and a cohort confronted a Round Table Pizza employee making a pizza delivery. The cohort pointed a gun at the victim and demanded money. When the victim resisted, defendant and his cohort punched and kicked the victim. The victim told the attackers they could find money in the victim's car; defendant and his cohort took $300 from the victim's car and

fled in another vehicle. Defendant later admitted the crime and admitted membership in the Guttah Boyz gang.

People v. Perkins, No. C072924, 2013 WL 5519372, at *1 (Cal. Ct. App. Oct. 7, 2013).

After the California Court of Appeal upheld his judgment of conviction, petitioner filed a petition for review in the California Supreme Court. (Resp't's Lod. Doc. 5.) The petition was summarily denied. (Resp't's Lod. Doc. 6.)

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle

of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

////

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claim**

In his sole ground for relief before this court, petitioner argues that the trial court abused its discretion when it denied his Romero motion to dismiss his prior "strike" conviction at the sentencing proceedings in the interests of justice.[2] (ECF No. 5 at 4.)[3] He argues that he is outside the spirit of California's Three Strikes law. He also states that he only used a BB gun during the carjacking and that he "exercised caution to avoid harm to persons." (Id. at 5.) Petitioner concedes that his current offense of conviction is "very serious," but he points out that some of his prior convictions were only misdemeanors. (Id. at 6.) He also notes that he was only 21 years old at the time of the sentencing proceedings and that he committed his "strike" offense when he was 17. (Id.) He states that, even if one of his "strike" convictions was dismissed, he would still

---

[2] In People v. Superior Court (Romero), 13 Cal.4th 497 (1996), the California Supreme Court held that a state sentencing court has the discretion to strike a prior felony conviction at sentencing in furtherance of justice.

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

receive a sentence of "around 25 years at 85 percent." (Id.) He argues this sentence is "fully commensurate with his culpability for the current offense, even considering his significant criminal record." (Id. at 5.)

The California Court of Appeal denied this claim on state law grounds, reasoning as follows:

> Defendant contends the trial court abused its discretion in denying his request to dismiss the prior strike.
>
> We review a trial court decision declining to dismiss a prior strike for abuse of discretion. (People v. Carmony (2004) 33 Cal.4th 367, 375.) In so doing, we are guided by two fundamental precepts. "First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citations.] Second, a '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (Id. at pp. 376–377.)
>
> Thus, the party challenging a ruling under Penal Code section 1385 has the burden to show the trial court ruled in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (People v. Romero (2002) 99 Cal.App.4th 1418, 1433–1434.) Absent such a showing, we must presume the trial court acted to achieve legitimate sentencing objectives and may not set aside the trial court's discretionary determination to impose a particular sentence. (People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 977–978.)
>
> Defendant admits the instant offenses were very serious and that he has a lengthy criminal record. Nonetheless, he points out that he is young and that several of his prior convictions were misdemeanors.
>
> Regarding the prior strike conviction, defendant claims he and his cohort did not use a "real" firearm, they only used a BB gun, and thus defendant exercised caution to avoid harm to persons. (Cal. Rules of Court, rule 4.423(a)(6).) Defendant further claims that because it was his practice to use a "fake" gun, and because the weapon used for the instant offenses was never found, there remains a significant doubt that a real gun was used for the instant offenses. He adds that even after dismissal of the prior strike, he would still be subject to a 25–year sentence.

////

> Defendant has not established that he falls outside the spirit of the three strikes law. By his own admission, he has a lengthy criminal history. Moreover, contrary to his assertion, he did not exercise caution to avoid harming his robbery victim; rather, he and his cohort punched and kicked the victim. Defendant's most recent offenses include three violent felonies and one serious felony. On this record, the trial court did not abuse its discretion in declining to dismiss the prior strike.

Perkins, 2013 WL 5519372, at *1-2.

Petitioner's federal habeas challenge to the trial court's denial of his motion to dismiss his prior "strike" conviction in furtherance of justice essentially involves an interpretation of state sentencing law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Wilson, 562 U.S. 1,16 (quoting Estelle, 502 U.S. at 67). This Court is bound by the state court's interpretation of state law. Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

The sentencing judge in this case declined to strike petitioner's prior "strike" conviction only after considering all of the relevant circumstances and applying the applicable law. As indicated by the California Court of Appeal, the sentencing judge's conclusion that petitioner did not fall outside the spirit of California's Three Strikes Law was not unreasonable under the circumstances of this case. After a careful review of the sentencing proceedings, the undersigned finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion. If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation would be presented. See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based).

However, petitioner has not made a showing that such is the case here.  Nor has petitioner demonstrated that the trial court's decision not to strike his prior second degree murder conviction was fundamentally unfair.  In short, petitioner has failed to show that the trial court violated his federal constitutional rights in denying his motion pursuant to Cal. Penal Code § 1385 and People v. Superior Court (Romero), 13 Cal.4th 497 (1996).  Accordingly, he is not entitled to relief on his claim before this court.

**IV. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 5, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Perkins559.hc;dmou8(2)